UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JERRY DEE CATLETT,<br><br>            Defendant. | CASE NO. CR17-5354JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Defendant Jerry Dee Catlett's motion for a reduction in sentence pursuant to Amendment 821, Part A, to the United States Sentencing Guidelines. (Mot. (Dkt. # 45); Reply (Dkt. # 49).) Plaintiff the United States of America (the "Government") opposes the motion. (Resp. (Dkt. # 48).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Catlett's motion.

//

ORDER - 1

## II.  BACKGROUND

Mr. Catlett is a 63-year-old inmate currently detained at Federal Correctional Institution ("FCI") Sheridan.  *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 1, 2024).  On October 19, 2009, Mr. Catlett was convicted of five counts of bank robbery.  (*See* Presentence Investigation Report ("PSR") (Dkt. # 19 (sealed)) at 5.)  After serving approximately 89 months, Mr. Catlett was released from custody and ordered to report to a residential reentry center in Seattle, Washington.  (*Id.*)  Instead of reporting as directed, however, Mr. Catlett absconded.  (*Id.*)

Mr. Catlett robbed a bank the day he was released.  (*Id.*)  That robbery kicked off a two-week crime spree during which Mr. Catlett robbed two more banks and attempted to rob another, each time threatening that he had a gun.  (*See id.*)  Officers arrested Mr. Catlett on April 20, 2017.  (*Id.* at 4.)  On September 28, 2017, Mr. Catlett pleaded guilty to three counts of bank robbery and one count of attempted bank robbery.  (*See generally* Plea Agreement (Dkt. # 9).)  On January 12, 2018, the court sentenced Mr. Catlett to 120 months of imprisonment followed by three years of supervised release.  (*See* 1/12/18 Minute Entry (Dkt. # 21).)  Mr. Catlett's current release date is February 11, 2026.  *See Inmate Locator*, *supra*.

## III.  ANALYSIS

Mr. Catlett now seeks a reduction in sentence pursuant to Amendment 821, Part A, to the Federal Sentencing Guidelines.  (*See generally* Mot.)  He asks the court to reduce his term of imprisonment because Part A of Amendment 821 struck the "status points"

provision of U.S.S.G. § 4A1.1(d), retroactively reducing his criminal history category from IV to III.  (Mot. at 1-2; *see* Resp. at 4-5.)  This creates a reference guideline range of 78 to 97 months, compared to the original range of 92 to 115 months.  (Mot. at 1-2; Resp. at 5).)  The Government agrees that Mr. Catlett meets the eligibility requirements for a reduction (Resp. at 4) but maintains that the original sentence should not be reduced (*id.* at 8).  The court sets forth the standard of review before turning to its analysis of Mr. Catlett's motion.

**A.    Legal Standard**

"In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual[,] . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B1.10(a)(1).  Section 3582(c)(2) directs the court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" in determining whether to "reduce the term of imprisonment."  18 U.S.C. § 3582(c)(2).  *See generally* 18 U.S.C. § 3553(a)(1)-(7).

"An analysis under § 3553(a) involves considering the totality of the circumstances, but '[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them.'"  *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)).  Although a "lengthy explanation" is unnecessary, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a

//

reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

**B.    Mr. Catlett's Motion**

In his motion, Mr. Catlett emphasizes his "genuine and sincere regret and remorse for having involved himself in criminal activity resulting in his sentence." (Mot. at 3.) Mr. Catlett pledges that he is "done" with crime "and simply wants to be able to have a modest life with financial responsibility, taking care of himself, spending time with his family, and restoring and renovating furniture." (*Id.* at 3-4.) Mr. Catlett further emphasizes his "progress in education and personal responsibility while imprisoned." (*Id.* at 4.) Mr. Catlett attached to his motion a copy of the letter he wrote in support of his December 2020 motion for compassionate release, in which he described his health issues and outlined a five-point plan to avoid recidivism. (Letter (Dkt. # 45-1) at 2-3.) The court has also reviewed the individualized needs plan, education data, and discipline data attached to Mr. Catlett's motion. (Inmate Data (Dkt. # 45-2).)  It is clear that Mr. Catlett has become a more introspective person since 2017, and the court appreciates his candid letter and self-improvement efforts.

The court concludes, however, that the section 3553(a) factors do not weigh in favor of a sentence reduction. The nature and circumstances of the underlying offenses are extraordinary; Mr. Catlett served over seven years for committing several bank robberies and robbed another the day he was released. Moreover, as Mr. Catlett recognizes, his "muddy record" "rightly" leads the court to question whether he still poses a threat to the public. (Letter at 2.) The court concludes that the present sentence

best reflects the seriousness of Mr. Catlett's offenses while affording adequate deterrence to criminal conduct and protecting the public from further crimes of the Defendant. The court recognizes that the guideline range has been reduced, but the Guidelines "are to be the sentencing court's 'starting point and . . . initial benchmark.'" *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). The court found a need to vary from the Guidelines during sentencing because Mr. Catlett's criminal history category understates his recidivist criminal past and likelihood to reoffend. (*See* Sentencing Tr. (Dkt. # 45-3) at 18 (imposing a 120-month sentence and noting that "the public needs to be protected from Mr. Catlett").) The court's analysis remains unchanged. Based on its consideration of the totality of the circumstances, the court concludes that Mr. Catlett must serve the remainder of his original sentence.

### IV.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Catlett's motion for a reduction in sentence (Dkt. # 45).

Dated this 1st day of May, 2024.

_____
JAMES L. ROBART
United States District Judge